Filed 1/29/16  D.N. v. M.N. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| D.N.,<br><br>    Plaintiff,<br><br>    v.<br><br>M.N.,<br><br>    Defendant and Appellant;<br><br>COUNTY OF LOS ANGELES CHILD SUPPORT SERVICES DEPARTMENT,<br><br>    Intervener and Respondent. | B257472<br><br>(Los Angeles County<br>Super. Ct. No. VF004422) |

   APPEAL from an order of the Superior Court of Los Angeles County, William A. Allen, Commissioner.  Affirmed.

   Law Offices of Lynda Sheridan and Lynda Sheridan for Defendant and Appellant.

   Alexandra Bauer, Chief Attorney, and Tammy Nakada, Legal Counsel, for Intervener and Respondent.

_____

This case concerns two different orders from two different Los Angeles Superior Courts for the same parent, M.N., to pay child support for the same child, S.N., for the same time period but in different amounts. The trial court issued an order as to which of the two court orders prevails. We affirm.

## BACKGROUND

### I. Independent Court Order

The first case was filed by the mother D.N. on May 3, 2002, against M.N. We will refer to this case as the Independent action (also called the Norwalk case, Private case, or VF case in the record below; case number VF004422). D.N. filed the Independent action a few months after S.N. was born. In the Independent action, the Los Angeles County Superior Court in Norwalk issued a court order on **March 4, 2003** (Independent Court Order), holding M.N. is the father of S.N. and requiring him to pay child support of $1,133 per month beginning March 1, 2003 until the child is 19 years old pending certain events.

### II. County Court Order

The second case was filed by the County of Los Angeles Child Support Services Department (County)—unaware of the existence of the first case—in June 2003, against M.N. We will refer to this case as the County action (also called the BY case in the record below; case number BY670475). To be clear, this case was filed after a court order on child support had already issued in the first case. This case was initiated by the County and not D.N., because D.N. began receiving public assistance from the County when M.N. did not pay child support to her.

In the County action, the Los Angeles County Superior Court in Los Angeles (as opposed to Norwalk) issued a court order on **November 21, 2003** (County Court Order), holding M.N. is the father of S.N. and requiring him to pay child support of $191 per month beginning July 1, 2003 and child support arrears of $1,524 to account for the months already past in 2003. This amount is substantially less than the child support payment ordered in the first case.

2

**III.    County discovers Independent action**

A year later, around March 29, 2004, the County discovered the existence of the Independent action, when D.N. provided the County with a copy of the Independent Court Order. The County told D.N. that it would enforce the higher payment in the Independent Court Order instead of the lower payment in the County Court Order.

**IV.    Parties' stipulation**

Several years later, on February 7, 2006, M.N. appeared in the County action. All parties (M.N., D.N., and the County) filed a stipulation that M.N. would pay child support arrears of $611.59 as of January 1, 2006 and to be paid in full by April 10, 2006.

**V.    M.N. seeks to avoid County Court Order**

It was not until October 23, 2013—more than a decade after its issuance—that M.N. filed in the Independent action a copy of the County Court Order. He sought that the Norwalk court relate its case to the County action and adopt the County Court Order instead of its own Independent Court Order.

In response, on November 8, 2013, the County filed a motion requesting the opposite: that the Norwalk court set aside the County Court Order, that is, the court order that the County had obtained in the case that it had initiated.

After a hearing, the trial court granted the County's motion to set aside the County Court Order and ordered that the Independent Court Order prevails. M.N. then requested a clarification of the trial court's order. After another hearing, the trial court issued another order with language as discussed and agreed to by the parties. This appeal followed.

## DISCUSSION

**I.    Trial court order is affirmed.**

M.N. argues the County Court Order supersedes the Independent Court Order because Family Code section 17404, subdivision (d) (section 17404), requires whichever

3

court order is most recent to prevail.[1]  Section 17404, subdivision (d), recites:  "Nothing contained in this section shall be construed to prevent the parties from bringing an independent action [here, the Independent action] under other provisions of this code and litigating the issues of support, custody, visitation, or protective orders.  In that event, any support, custody, visitation, or protective order issued by the court in an action pursuant to this section [here, the County Court Order and the County action] shall be filed in the action commenced under the other provisions of this code [here, the Independent action] and shall continue in effect until modified by a subsequent order of the court.  To the extent that the orders conflict, the court order last issued shall supersede all other orders and be binding upon all parties in that action."  While M.N. asks us only to look at the last sentence, a review of the entire statutory provision provides fuller context and gets to the spirit of the statute.

As recited above, the statute permits the court order in the County's case to be "modified by a subsequent order of the court" in the independent action.  Here, the trial court did just that when it set aside the County Court Order and held the Independent Court Order prevails.  The trial court here is the only court in a position to know all that proceeded, including the previous court orders, and thus properly used its discretion to make a final determination.  On the facts here, this is the most just result, as M.N. knew of the County Court Order for years and delayed making his request for the trial court to

---

[1] The County provides no substantive response to M.N.'s argument on appeal.  Instead, it makes the same argument that M.N. made before the trial court and the trial court already addressed.  Specifically, the County argues that the trial court never made a ruling on the motion to set aside the County Court Order.  But, the trial court did so twice.  First, on December 16, 2013, the trial court issued a minute order:  "Over the objections of respondent, the court grants the motion.  The court finds the 'Norwalk' case/order prevails.  [¶]  Judgment entered on 11-21-2003 in case BY670475 is set aside."  Then, when M.N. requested clarification because his counsel argued that she did not hear the trial court make a ruling on the motion at the prior hearing, on May 29, 2014, the trial court issued its findings and order after hearing:  "Based on the above findings, the Court rules that the 3/4/03 Judgment under case number VF004422 is the prevailing order."

4

adopt that order, D.N. relied on the County's representation that it would enforce the higher payments in the Independent Court Order, and the County was unaware of the Independent action when it initiated the County action.

Moreover, the trial court's most recent order is now "the court order last issued," and it supersedes all other orders and is binding on M.N., D.N., and the County, per the statute. The last sentence in section 17404, subdivision (d), which M.N. relies on, serves to reconcile conflicting orders where no court has determined which order prevails. That situation no longer exists. The trial court has decided which order—specifically, what amount in child support payments M.N. must pay—prevails.

## II.    Trial court has jurisdiction to decide which child support order prevails.

Despite conceding below that the trial court had jurisdiction when M.N. asked the trial court to adopt the County Court Order, now that the trial court has issued an order that is not in his favor, M.N. argues that the trial court does not have jurisdiction. Nevertheless, we must address jurisdiction regardless of whether a party concedes it. Here, the very statute that M.N. relies on for the brunt of his appeal (§ 17404, subd. (d) [recited in full above]) provides for a trial court to have jurisdiction in an independent action between the parents to determine child support despite the County initiating its own action for child support before another court. It also specifically allows for the court in the independent action to modify any order by the court in the County action.

### DISPOSITION

The order is affirmed. Costs are awarded to the County of Los Angeles Child Support Services Department.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.                    LUI, J.

5